COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Darla Lexington v. T. Gerald Treece, Individually and as
Independent Executor of the Estate of John M. O'Quinn,
Deceased, John M. O'Quinn & Associates, PLLC, Gibbs
& Bruns, LLP, Needmore River Ranch, LLC, Greg
LaMantia and Joseph V. LaMantia, III, SCI Texas
Funeral Services, Inc. d/b/a Geo. H. Lewis & Sons
Funeral Directors, John M. O'Quinn Foundation, and
Robert C. Wilson, III.

Appellate case number:   01-17-00228-CV

Trial court case number:  392247-419

Trial court:                     Probate Court No. 2 of Harris County

Pursuant to our May 16, 2019 abatement order, the trial court has filed a supplemental clerk's record which states that the parties and the trial court have complied with the procedures to seal court records pursuant to Rule 76a. *See* TEX. R. APP. P. 76a. The trial court has further ordered that Darla Lexington's First Supplemental Petition and two exhibits attached to the petition, a Ranch Rule 11 Agreement and a Confidential Settlement & Release Agreement, are permanently sealed. On July 26, 2019, appellant filed an unopposed motion to reinstate and an unopposed motion to seal the briefs that refer to the sealed documents. We grant the July 26, 2019 motion to reinstate and reinstate this case on the Court's active docket.

The appellate record currently consists of (1) two volumes of a sealed clerk's record filed April 28, 2017; (2) three volumes of a sealed reporter's record filed April 19, 2017; (3) two volumes of a supplemental reporter's record filed September 7, 2017; (4) a sealed supplemental clerk's record filed on September 13, 2017; (5) a

sealed supplemental clerk's record filed October 6, 2017; (6) a sealed reporter's record filed July 16, 2019; and (7) a supplemental clerk's record filed July 19, 2019.

Because the trial court has sealed only the three documents mentioned above, and the currently filed clerk's records and reporter's records are filed under seal but contain no segregation between the sealed documents and the unsealed documents, we **strike** the entire appellate record. We order the parties to coordinate with the district clerk and the court reporter to file a new appellate record that segregates between the sealed and unsealed portion of the record within 30 days of the date of this order. We further **strike** all of the parties' appellate briefs because they were filed during a time in which no Rule 76a sealing order was in place and the briefs refer to an appellate record that has now been struck. *See* TEX. R. APP. P. 38.9. Once the appellate record is correctly filed and the briefs are redrawn to refer to the new appellate record, the parties may move to file the briefs under seal.

Further, on June 3, 2019, appellant filed a motion to withdraw. We grant the motion. *See* TEX. R. APP. P. 6.5. We deny appellant's July 26, 2019 motion to seal the briefs as moot.

It is so **ORDERED**.


Judge's signature:   _/s/ Sherry Radack_____
                         ☒ Acting individually    ☐ Acting for the Court



Date:  __August 6, 2019___